[No. 25972. *En Banc.* April 14, 1936.]

PENINSULA LIGHT COMPANY, *Appellant,* v. THE STATE
TAX COMMISSION *et al., Respondents.*[1]

*John T. McCutcheon,* for appellant.

*The Attorney General* and *R. G. Sharpe, Assistant,*
for respondents.

HOLCOMB, J.—Appellant instituted this suit against
the state tax commissioners to permanently enjoin and
restrain them from enforcing or attempting to enforce
the provisions of chapter 191, Laws of 1933, p. 869, as
amended by chapters 10 and 57, Laws Ex. Ses. 1933,
pp. 22, 157 [Rem. 1934 Sup., § 8326-1 *et seq.*].

Appellant alleged that it is a domestic corporation
formed in 1925 under a certain act of 1907, with
powers as set out in its articles of incorporation and
by-laws attached to the complaint.

It is further averred that it has no capital stock and
that no member can acquire any interest that will en-
title him to a greater voice than any other member;
that it does not and cannot serve the public, but only

[1]Reported in 56 P. (2d) 720.

its own members; that it cannot and does not operate for profit, but only purchases power wholesale and distributes the same to its members without profit over lines built by the members at a cost sufficient only to defray the expenses of the distribution; that it is not engaged in a commercial business in any sense or engaged in any activities for gain, benefit or advantage, either direct or indirect.

After issue of fact was joined, the case went to trial before the court without a jury and evidence was offered on behalf of appellant. No evidence was introduced by respondents.

At the time this company was formed, there were a number of settlers in the Gig Harbor and Peninsula districts of Pierce county, as well as part of McNeil Island, Fox Island and a small portion of Mason county in the neighborhood of Allyn, unable to obtain electricity, except a few around Gig Harbor. With that condition confronting them, the company was formed with a relatively small number of members paying one hundred dollars each. On May 31, 1935, this membership had grown to nine hundred seven throughout the district.

The unbroken practice of appellant has been to grant a membership and furnish service to any and all applicants accessible to its main transmission lines. Appellant purchases its power wholesale from the city of Tacoma, paying therefor about one cent a kilowatt hour. It charges its consumers a fixed price for service, irrespective of where such consumers are located, at five cents per K. H. for the first 45 kilowatt hours, four cents per K. H. for the next 25, and two cents per K. H. for all over 70 K. H.

Appellant's bills to its consumers are similar to those sent out by the city to its consumers and show the previous reading, the present month's reading, the

kilowatt hours consumed during the month and the amount charged for the service for the month. Service may be cut off on default of payment after a certain time.

■ Laws of 1933, chapter 191, p. 869, prescribe:

"Section 1. For the purposes of this act unless otherwise required by the context: . . .

"(5) The word 'sale' includes the exchange of property as well as the sale thereof for money. Every closed transaction shall constitute a sale.

"(6) The term 'gross income' means the value proceeding or accruing from the sale of tangible property, real or personal, or service or both and all receipts, actually received by reason of the investment of the capital of the business engaged in, including interest, discount, rentals, royalties, fees or other emoluments however designated and without any deduction on account of the cost of property sold, the cost of materials used, labor costs, interest or discount paid or any other expenses whatsoever and without any deduction on account of losses: *Provided,* The term 'gross income' shall not include any payments received on accounts or notes outstanding at the time this act goes into effect.

"(7) The word 'business' shall include all activities engaged in with the object of gain, benefit or advantage either direct or indirect, and not excepting sub-activities producing marketable commodities used or consumed in the main business activity, each of which sub-activities shall be considered business engaged in taxable in the class in which it falls.

"(8) The term 'gross proceeds of sales' means the value proceeding or accruing from the sale of property without any deduction on account of the cost of property sold, expenses of any kind, or losses." Rem. 1934 Sup., § 8326-1 [P. C. § 7068-31].

Laws Ex. Ses. 1933, chapter 57, § 2, p. 158, amending Laws of 1933, chapter 191, p. 869, prescribes:

"Section 1-a. The term 'value proceeding or accruing' means the consideration, whether money, credits or other property, expressed in terms of money, ac-

tually received or accrued. . . ." Rem. 1934 Sup., § 8326-1a [P. C. § 7068-31a].

Respondents classify appellant's operation under Laws of 1933, chapter 191, § 2, (2) (e), p. 870, reading:

"Upon every person engaging or continuing within this state in the following businesses; as to such persons the amount of tax or excise shall be equal to the gross income of the business multiplied by the rate set out after the business, as follows: . . ." Rem. 1934 Sup., § 8326-2 [P. C. § 7068-32].

Appellant ignores the legislative definition of the word "company" in § 1 (4), p. 869, of the act, which reads:

"The word 'person' or the word 'company', herein used interchangeably, shall mean and include any individual, firm, copartnership, joint venture, association, corporation, trust or any other group or company acting as a unit, whether mutual, cooperative or otherwise." Rem. 1934 Sup., § 8326-1 [P. C. § 7068-31].

Appellant also obviously disregards the definition of "business" as contained in § 1 (7), *supra.*

Appellant admits that, under the previous decisions of this court, the tax should be imposed upon the city of Tacoma for the amount of power it sells wholesale to appellant as part of the city's gross income. That concession necessarily compels the construction that the three per cent tax on the gross income for the service would be passed on to such consumer members, since Tacoma is positively a non-profit organization and could raise the tax from no other source. *Tacoma v. State Tax Commission,* 177 Wash. 604, 33 P. (2d) 899.

Appellant's sole reliance is the decision of this court in *Yakima Fruit Growers Ass'n v. Henneford,* 182 Wash. 437, 47 P. (2d) 831, which is not controlling.

In that case, we held that cooperative associations could perform service for their fruit grower members who, by § 4 (2) (a), were expressly exempted from the tax where performing such services for themselves; but the members of this company are not mere cooperative members acting as agents for themselves. This company buys electric power wholesale from Tacoma and resells it to its constituent members at retail. This is certainly an activity which is engaged in with the object of gain, benefit or advantage either direct or indirect, under the provisions of § 1 (7), *supra*.

The United States supreme court in *Von Baumbach v. Sargent Land Co.*, 242 U. S. 503, 37 S. Ct. 201, held that corporations organized under the laws of Minnesota, not for charitable or eleemosynary purposes but for the pecuniary advantage of their shareholders, were organized for profit within the meaning of the Federal corporation tax law.

In *State ex rel. Dawson v. Sessions*, 95 Kan. 272, 147 Pac. 789, that court held that an incorporated cooperative society organized for the purpose of providing wires for connection with a telephone exchange and of maintaining a system of irrigation, for the benefit of its members, was a corporation operated for pecuniary profit, doing business for pay, within the meaning of those phrases as used in the act, as distinguished from concerns organized for moral profit or benevolence.

So here, appellant was not organized and was not engaged in business activities for any moral or benevolent purpose. Its sole object in its activities was at least indirect pecuniary benefit. We conclude that the receipts of such activities are taxable. The judgment of the trial court is right.

Affirmed.

ALL CONCUR.