73 P.2d 816

FARMERS OIL CO., Inc., v. STATE TAX COMMISSION et al.

No. 4326.

Supreme Court of New Mexico.

Nov. 15, 1937.

Otto Smith, of Clovis, for appellant.

Frank H. Patton, Atty. Gen., and A. M. Fernandez, Asst. Atty. Gen., for appellees.

SADLER, Justice.

The Farmers Oil Company, Incorporated, a domestic corporation with its principal place of business at Clovis in Curry county, sued State Tax Commission to recover certain taxes paid under protest pursuant to Laws 1934 (Special Session), c. 7, and Laws 1935, c. 73. A demurrer having been interposed to the first amended complaint, it was argued and sustained. The appeal is from the order sustaining the demurrer. The appeal may be treated as an election not to plead further and the order sustaining demurrer deemed appealable as an interlocutory one practically disposing of the merits of the action. Roeske v. Lamb, 38 N.M. 309, 32 P.2d 257.

The claim to immunity, which is set forth in the formal protest against the tax and embodied also in the amended complaint as a part thereof, reads as follows:

"I. That it is a co-operative association, engaged solely in the distribution of gasoline, fuel oil, kerosene, oils, greases, and like commodities to its members, all of whom own and operate farms and ranches for the purpose of producing products of the farm and ranch; that all such distribution is made on a co-operative basis and not for profit, gain, benefit or advantage, either direct or indirect; and that no profit, gain, or advantage is made therefrom.

"II. That the stock of said corporation is sold only to producers and operators of farms and ranches, and the commodities handled are distributed only to members; that no profit, gain or advantage is made therefrom; and that no dividends are paid on said stock, or to any of said members; that a copy of its by-laws are attached hereto, marked 'Exhibit A2' for identification purposes and made a part hereof.

"III. That it is not engaged in business as the term 'business' is defined in subsection (f) of section 3, article 1, chapter 7, of the Session Laws of New Mexico for 1934, and the same subsection, section [103], and article of chapter 73 of the Session Laws of New Mexico for the year 1935, for the reason that it does solely a co-operative business as hereinbefore shown, and that the aforesaid tax can only be legally collected from such persons, firms, corporations, and associations as are engaged in business as the term 'business' is defined in said statutes.

"IV. That its sales are not subject to taxation under said laws for the reason that they are exempt therefrom under and by virtue of subsection (a) of section 212 of said acts, which exempt societies and other organizations not operated for gain or profit."

The plaintiff's articles of incorporation show that it is organized as a private corporation. It is given all the broad powers enjoyed by any other corporation engaged in merchandising. It may and does "carry on the business of buying, selling and dealing in oil, kerosene, gasoline, distillate,

greases and lubricants, and all goods and all other merchandise usually handled by oil companies", and operates three service stations. It may "buy, sell, ship and deal in grain, produce, poultry and all other products of the farm and ranch."

While in practical operation the plaintiff sells only to its members (stockholders) there is nothing either in its articles of incorporation or in its by-laws confining it to dealings with its own members. Its by-laws provide that a reserve fund shall be created by adding to the sale price "not to exceed five per cent. over and above the gross cost of any one commodity." The reserve fund may be used for the payment of taxes, general and special, necessary equipment and repairs, and unquestionably is used to cover general overhead expense of operation. The fund also can be used when authorized by the board of directors for the purchase of material and supplies or "in business expansion."

An amendment to the by-laws limits membership to farmers or farm owners in the state of New Mexico. Not more than five shares may be issued to any one person and, regardless of the number of shares owned, each member is entitled to but one vote. The by-laws further provide that the "corporation shall be a nonprofit corporation" and that "no dividends shall be paid on the stock thereof."

The provisions of Laws 1935, c. 73, known as the Emergency School Tax Act, relied upon by plaintiff as affording the exemption claimed, which differ in no material respect from corresponding provisions of Laws 1934 (Special Session), c. 7, and in most instances are exactly the same, read as follows:

"(a) The term 'person' or the term 'company' herein used interchangeably, includes any individual, estate, trust receiver, business trust, corporation, firm, copartnership, joint adventure, association, or any other group or combination acting as a unit, and the plural as well as the singular number, unless the intention to give a more limited meaning is clearly disclosed by the context." Laws 1935, c. 73, § 103(a). Cf. Laws 1934 (Sp.Sess.), c. 7, § 3(a).

"(f) The term 'business' when used in this Act shall include all activities or acts engaged in (personal, professional, and corporate) or caused to be engaged in with the object of gain, benefit or advantage either direct or indirect." Laws 1935, c. 73, § 103(f). Cf.Laws 1934 (Sp.Sess.), c. 7, § 3(f).

"Section 201. There is hereby levied, and shall be collected by the Tax Commission, privilege taxes, measured by the amount or volume of business done, against the persons, on account of their business activities, engaging or continuing, within the State of New Mexico, in any business as herein defined, and in the amounts determined by the application of rates against gross receipts, as follows: * * *

"D. At an amount equal to two per cent. of the gross receipts of the business of every person engaging or continuing

in the business of selling at retail of goods, wares, materials and commodities," etc. Laws 1935, c. 73, § 201, subd. D. Cf. Laws 1934 (Sp.Sess.), c. 7, § 201, subd. D.

"Section 212. There are exempted from the taxes imposed by this act the following:

"(a) The business of societies and other organizations not operated for gain or profit." Laws 1935, c. 73, § 212 (a). Cf. Laws 1934 (Sp.Sess.), c. 7, § 212 (a).

The question for decision may be held within a narrow compass. Is the plaintiff engaged in business with the object of gain, benefit, or advantage, either direct or indirect? If so, it must pay the tax unless forsooth it is a "society or organization not operated for gain or profit." These are the only two grounds of exemption claimed in the protest filed and they are the only two urged here. The definition of "business" in Laws 1935, c. 73, § 103 (f), controlling upon the first claim of exemption is just about as broad as the English language can make it. It includes "all activities or acts engaged in (personal, professional, and corporate) * * * with the object of gain, benefit or advantage either direct or indirect."

While ordinarily the major purpose of corporate organization and management is profit to the corporation as an entity in the first instance, we know from experience and observation that the profit earned is destined for the stockholders in the form of dividends. In fine, therefore, the ordinary corporation organizes and en-gages in business for the pecuniary advantage of its stockholders. Do plaintiff's organization and activities appear to be for some other purpose? We think not.

The mere fact that plaintiff makes the volume of purchases from it by members, rather than the number of shares owned, the measure of their gain in no way alters the fact that it, as well as its members, receives benefit and advantage in thus fulfilling the very purpose of its corporate existence.

The by-laws contemplate the creation of a reserve fund subject to use in the purchase of new equipment; also, when authorized by the board of directors, in business expansion. Certainly, "business expansion" thus accomplished represents gain or profit to the corporation itself, direct, immediate, and pecuniary and, likewise, to its stockholders upon dissolution.

The plaintiff places sole reliance as authority upon the case of Yakima Fruit Growers' Ass'n v. Henneford, 182 Wash. 437, 47 P.2d 831, 833, 100 A.L.R. 435. The question involved was whether a corporation organized by fruit growers of Yakima Valley in the state of Washington was subject to an occupation tax as engaging in business. Its stockholders were producers and a few former producers, the corporation being organized on a non-profit basis to assist the growers in the production, packing, warehousing, and marketing of their crops. Under the taxing act an exemption was extended to persons engaged in the business of "grow-

ing or cultivating for sale, profit or use any agricultural or horticultural product or crop." Laws Wash.1933, p. 879, § 4, as amended by Laws 1933, Ex.Sess., p. 159, § 3. The court, in a five to four decision, held the corporation entitled to the exemption claimed on the theory of agency. It said: "We see no reason for holding that, because a large number of producers, most of whom are not what would be called large producers, cause ·a corporation to be organized for the purpose of assisting them in the production, packing, warehousing, and sale, they should not be on the same basis as a producer individually, whether large or small, or two or more persons co-operating together by joint enterprise rather than by corporate entity."

This decision brought about an amendment of the statute among other things in its definition of the word "person" or "company," so as to include nonprofit corporations. As amended, it embraced any "individual, * * * joint venture, * * * company, * * * corporation, * * * whether mutual, co-operative, fraternal, non-profit or otherwise." Laws Wash. 1935, p. 711, § 5(b). The same corporation in Yakima Fruit Growers' Ass'n v. Henneford, 187 Wash. 252, 60 P.2d 62, was again before the court under the statute as amended. This time, and by another five to four decision, the court held the corporation subject to the tax.

The first decision, reported in 182 Wash. 437, 47 P.2d 831, 100 A.L.R. 435, is clearly distinguishable. In order to render the analogy more nearly perfect the plaintiff should be able to point in our statute to an exemption as a measure for the tax of the proceeds of sales to farmers and farm owners, as plaintiffs in that case were able to point to an exemption in favor of persons growing for sale, profit, or use, agricultural or horticultural crops.

A case more nearly in point is decided by the same court. It is Peninsula Light Co. v. State Tax Commission, 185 Wash. 669, 56 P.2d 720, 721. It involves the same statute construed in the earlier decision. The plaintiff corporation, seeking to enjoin the State Tax Commission from enforcing the statute against it, was doing exactly the same for its members that the plaintiff in the instant case claims to be doing for its members, except that the commodity dealt in was electricity instead of motor fuels. The court held it to be engaged in business activities for gain, benefit, or advantage and subject to the tax. The court said:

"Appellant's sole reliance is the decision of this court in Yakima Fruit Growers' Association v. Henneford, 182 Wash. 437, 47 P.2d 831, 100 A.L.R. 435, which is not controlling.

"In that case we held that co-operative associations could perform service for their fruit grower members who, by section 4 (2) (a), Laws 1933, p. 879 as amended by Laws 1933, Ex.Sess. p. 159, § 3 were expressly exempted from the tax, where performing such services for themselves; but the members of this company are not mere

co-operative members acting as agents for themselves. This company buys electric power wholesale from Tacoma and resells it to its constituent members at retail. This is certainly an activity which is engaged in with the object of gain, benefit, or advantage, either direct or indirect under the provisions of section 1 (7), supra.

"The United States Supreme Court in Von Baumbach v. Sargent Land Co., 242 U.S. 503, 37 S.Ct. 201, 61 L.Ed. 460, held that corporations organized under the laws of Minnesota, not for charitable or eleemosynary purposes, but for the pecuniary advantage of their shareholders, were organized for profit within the meaning of the Federal Corporation Tax Law.

"In State ex rel. Dawson v. Sessions, 95 Kan. 272, 147 P. 789, that court held that an incorporated co-operative society organized for the purpose of providing wires for connection with a telephone exchange and of maintaining a system of irrigation, for the benefit of its members, was a corporation operated for pecuniary profit, doing business for pay, within the meaning of those phrases as used in the act, as distinguished from concerns organized for moral profit or benevolence.

"So here, appellant was not organized and was not engaged in business activities for any moral or benevolent purpose. Its sole object in its activities was at least indirect pecuniary benefit. We conclude that the receipts of such activities are taxable. The judgment of the trial court is right."

The plaintiff does not come in for an exemption under section 212 (a) of the 1934 and the 1935 acts removing from operation of the tax "the business of societies and other organizations not operated for gain or profit." This exemption, as suggested by the Attorney General, evidently has reference to the state's policy of exempting, in a measure, religious, benevolent, and eleemosynary organizations. See 1929 Comp., § 141-110. Plaintiff cannot qualify. Indeed, what already has been said in reference to the first ground of exemption disposes of this slightly different claim.

Other authorities lending support to the conclusion that plaintiff is engaged in business with the object of gain, benefit or advantage, are State ex rel. Dawson v. Sessions, 95 Kan. 272, 147 P. 789; Appeal of Beaver County Co-op. Ass'n, 118 Pa.Super. 305, 180 A. 98; Rye Country Day School v. Lynch, 239 App.Div. 614, 269 N.Y.S. 761; Union Oil Associates v. Johnson, 2 Cal.2d 727, 43 P.2d 291, 98 A. L.R. 1499.

We assume the proceeds furnishing the measure of the tax involved arose from the sale of motor fuel on which a tax for the sale or use thereof was not imposed by the laws of the state; otherwise, it seems, exemption would have been claimed under section 212(i) of the act. Whether this be true or not, the protest not claiming exemption under this provision of the statute, it is not open to plaintiff. Laws 1935, c. 73, § 313.

Finding no error, the judgment of the trial court will be affirmed.

It is so ordered.

HUDSPETH, C. J., and ZINN, J., concur.

BICKLEY and BRICE, JJ., did not participate.