304 P.2d 878

REGENTS OF the UNIVERSITY OF NEW MEXICO, a body corporate, Appellant,

v.

BUREAU OF REVENUE of the State of New Mexico, Appellee.

No. 6111.

Supreme Court of New Mexico.

Nov. 26, 1956.

Rehearing Denied Jan. 3, 1957.

Rodey, Dickason, Sloan, Mims & Akin, Albuquerque, for appellant.

Richard H. Robinson, Atty. Gen., Santiago Campos, Asst. Atty. Gen., Louis C. Lujan, Frank B. Zinn, Santa Fe, for Bureau of Revenue.

COMPTON, Chief. Justice.

Appellant brought this action to recover taxes levied under the provisions of the Emergency School Tax Act and paid by it under protest, and from an adverse judgment it appeals. The decisive question is whether appellant is exempt from the payment of the tax under § 72–16–15(a) of the Act. The section reads: " 'There are exempted from the taxes imposed by this act the following: (a) All sales or services made or performed by societies and other organizations not organized or operated for gain or profit.' "

The University owns and operates a golf course and driving range on or adjacent to its campus, primarily for the benefit of its students. As a part of its intramural program, there is offered a course in golfing and students engaging therein are given credit therefor. The course was set up mainly through a W.P.A. project and the proceeds from the sale of revenue bonds. The bonds are retired from an arbi-

trary allocation of 2.02% of the basic tuition fee of approximately $91 each semester of those students engaging in this activity and in part from income received from the operation of the golf course. The number of rounds played by students is definite. The number of rounds played by the public is somewhat obscure but it is ascertainable. It appears, however, that public use of the course and driving range greatly exceed student participation.

In connection with its course, the University operates a golf shop and snack bar, which are open to the public. The driving range and golf course are likewise open to the general public upon payment of green fees, and the tax here levied is measured upon that part of the income received from the general public only. The operational income is derived from green fees, sale of merchandise, rental of clubs and lockers, and membership fees.

The income from student fees alone is insufficient to retire the revenue bonds as they mature. The income from the sale of merchandise, less public participation, is likewise insufficient to defray operational expense and retire the bonds. But from both sources of income, there is a substantial profit which reverts annually to the general fund of the University.

On the campus or near by, the University maintains a large sign which reads: "Driving Range – University of New Mexico Public Golf Course – Year Round Golfing." Other pertinent facts not in dispute are:

"(1) The University offers instruction in golf to its students in connection with its physical education program for which credit toward a degree is given.

"(2) There are four golf instructors, all of whom are full time University employees, one of whom also serves as the golf professional.

"(3) The University has an intramural program, consisting of ten teams and one hundred twenty men from various campus organizations, who play among themselves for the golf championship. No green fee is charged the participants for this use.

"(4) The University has a golf team, which practices and plays matches on the course. No green fee is charged for this use.

"(5) During the school year 1953–54 approximately 3474 student (excluding intramural and golf team) rounds were played on the golf course during the week days, for which no charge was made. Students, on Saturdays and Sundays, must pay the same green fee as a member of the general public."

Appellee admits in its answer, and rightly so, that the University is an institution not organized for gain or profit. Hence, the statute is controlling. Clearly, it is the institution itself which is exempted from the tax. The fact that some incidental activity of the institution may produce revenue in excess of its cost, and which is applied to operational expense, does not alter appellant's tax status. Young Men's Christian Ass'n of Philadelphia v. City of Philadelphia, 139 Pa.Super. 332, 11 A.2d 529; State Tax Commission of Kansas v. Board of Education of City of Holton, 146 Kan. 722, 73 P.2d 49, 115 A.L.R. 1401. Compare Farmers Oil Co. v. State Tax Commission, 41 N.M. 693, 73 P.2d 816; and Church of Holy Faith v. State Tax Commission, 39 N.M. 403, 48 P.2d 777.

Other questions are posed but these are resolved by the conclusion announced. The judgment will be reversed with direction that relief prayed for by appellant be granted, and it is so ordered.

SADLER, McGHEE and KIKER, JJ., and ANDERSON, District Judge, concur.

LUJAN, J., not participating.