533 P.2d 103

**AMERICAN AUTOMOBILE ASSOCIATION, INC., Petitioner,**

v.

**BUREAU OF REVENUE of the State of New Mexico, Respondent.**

**No. 10073.**

Supreme Court of New Mexico.

March 21, 1975.

Zinn & Donnell, Dean S. Zinn, Santa Fe, Tibo J. Chavez, Belen, for petitioner.

David L. Norvell, Atty. Gen., Joseph T. Sprague, Keith Maxwell, Vernon O. Henning, Asst. Attys. Gen., Santa Fe, for respondent.

## OPINION

McMANUS, Chief Justice.

This is an original proceeding in certiorari pursuant to a writ issued herein to the Court of Appeals of the State of New Mexico on July 25, 1974.

An audit of the books and records of petitioner, American Automobile Association, Inc., was conducted by auditors for respondent Bureau of Revenue of the State of New Mexico (hereinafter referred to as "Commissioner"). On May 25, 1972, the Commissioner made an assessment against petitioner for gross receipts taxes, municipal taxes, penalty and interest. On June 22, 1972, petitioner filed a protest with the Commissioner against the assessment, stating in part that the petitioner is a nonprofit organization with tax exempt status under Laws 1966, ch. 47, § 12(y), and Laws 1969, ch. 144, § 32, as compiled in § 72–16A–12.27, N.M.S.A., 1953 Repl.Vol. 10, pt. 2, Supp.1973).

A formal hearing was held on petitioner's tax protest on July 16, 1973. The Commissioner entered his decision and order denying the protest, holding as follows:

"1. Taxpayer's timely protest to Assessment No. 128748 is hereby denied.

"2. No part of the receipts of the taxpayer upon which gross receipts tax was imposed are exempt from such tax under the provisions of § 72–16A–12.27, N.M.S.A.1953 (Supp.1971) because they are not receipts from dues and registration fees of a nonprofit social, fraternal, political, trade, business, labor or professional organization. See G. R. Regulations, 12.27–1 and 12.27–2, effective December 5, 1969.

"3. The Bureau is not estopped by the letter of December 5, 1961, from Bureau of Revenue Chief Counsel, John W. Chapman, to Mr. Robert W. Botts, dated December 5, 1961 (Stipulation, Exhibit 'B'), pursuant to § 72–13–73, N.M.S.A. 1953 (Supp.1971) from withholding the relief which the taxpayer seeks because the letter was written prior to the Gross Receipts and Compensating Tax Act, and does not constitute an administrative regulation or ruling. Section 72–13–23, N.M.S.A.1953 (Supp.1971)."

The matter was appealed to the Court of Appeals and, after hearing there, the court issued its opinion affirming the holding of the Commissioner. American Automobile Ass'n, Inc. v. Bureau of Rev., 86 N.M. 569, 525 P.2d 929 (Ct.App.1974).

The issue raised in this appeal revolves around § 72–16A–12.27, supra, which reads as follows:

"Exempted from the gross receipts tax are the receipts from dues and registration fees of nonprofit social, fraternal, political, trade, business, labor or professional organizations."

The petitioner taxpayer relies on the fact that it is incorporated as a corporation without capital stock under the Laws of Connecticut in order to establish that it is a nonprofit corporation and, further, that it is licensed to do business in New Mexico as a foreign corporation. The articles of incorporation reveal several other facts which the petitioner feels support its contention that it should be treated as a non-

profit entity. These articles first state that no part of the corporation's income is distributable to its members, directors or officers. The articles further state that the corporation shall not pay dividends. Pertinent sections of the applicable by-laws state that "no part of said [corporate] funds shall inure, or be distributed to the members of this corporation." Also, it is agreed by a written stipulation between the parties, dated in July 1973, that no part of the corporate income inures to the benefit of or is distributable to members, directors or officers of the corporation.

■ The Court of Appeals correctly points out that a determination of whether or not the petitioner is a nonprofit organization within the meaning of § 72–16A–12.27, supra, is based on what the petitioner does and not on what it professes to do. Shaker Medical Center Hosp. v. Blue Cross of N. E. Ohio, 115 Ohio App. 497, 183 N.E.2d 628 (1962). However, at this point, we depart from the opinion of the Court of Appeals as to its interpretation of the statute as applied to the petitioner.

We look to Crooks v. Kansas City Hay Dealers' Assn., 37 F.2d 83 (8th Cir. 1929), for guidance. Crooks involved a voluntary association of merchants who bought and sold hay. The association employed men to weigh, plug, and watch cars of hay as a service to its members. Dues were charged of members to help defray operating expenses, and merchants were charged for the service of weighing the hay. The money collected by the association was used in furtherance of its purpose, and no part was or ever could be distributed to any member. The question arose as to whether the fees received from the merchants were profit in some year. The court, in addressing itself to this problem, stated (37 F.2d at 85):

"* * *. The mere fact that an association of this character may receive some income and arrange that income so as to carry on its work is no proof that it is organized for the sake of profit. Most of the colleges, churches, scientific

and charitable institutions charge fees for certain services, but it cannot be argued therefrom that they are incorporated for the purpose of profit."

In Debs Memorial Radio Fund v. Commissioner of Int. Rev., 148 F.2d 948 (2d Cir. 1945), the question of an exemption under 26 U.S.C.A. § 101 (since repealed), was raised regarding a free public radio forum. The court, in discussing profit purpose, stated (148 F.2d at 951):

"* * *. In the case at bar the implication of a profit purpose was negatived not only by the founder's objective of a free, public radio forum but also by the amendment of the by-laws to prohibit the distribution of profits to shareholders. * * * Nor is it fatal to exemption that substantially all of the petitioner's income is derived from commercial activities since the purpose of making profits has been to enable it to broadcast its educational, civil and cultural programs without charge. * * *"

In an article entitled "The Profitable Nonprofit Corporation," 1 N.M.L.Rev. 563, 564 (1971), Professor Desiderio defines a nonprofit corporation as: "A 'nonprofit corporation means a corporation no part of the income or profit of which is distributable to its members, directors or officers.'" Model Non-Profit Corp. Act, § 2(c) (1964).

We hold that the above authorities establish good guidelines for determining whether or not a corporation is established for profit. Although they interpret statutes different from ours, their reasoning is applicable here.

It seems clear that the American Automobile Association, Inc. is an entity in and of itself. This being true, it is separate and apart from its members. The tax is imposed upon American Automobile Association, Inc. by § 72–16A–4, N.M.S.A., 1953 (Repl.Vol. 10 pt. 2, Supp.1973). Subsection "A" of that section provides:

"For the privilege of engaging in business, an excise tax equal to four percent (4%) of gross receipts is imposed *on*

*any person engaging in business* in New Mexico." (Emphasis supplied.)

It is the American Automobile Association, Inc. which is "engaging in business." No one asserts that its members are so engaged. The definition section, § 72–16A–3, subd. E, N.M.S.A. (Repl.Vol. 10 pt. 2, Supp.1973) states:

"E. 'engaging in business' means carrying on or causing to be carried on any activity for the purpose of direct or indirect benefit[.]"

Whom does this section refer to? Direct or indirect benefits to whom? Obviously to the taxpayer. It is talking about American Automobile Association, Inc., not about its members. It is a tortured construction of the language to say, construing the two-cited statutes together, that "engaging in business" under the statute imposing the tax obviously refers to the taxpayer and the definition of the same phrase in the definitional section means the members.

■ Thus, "engaging in business" means carrying on or causing to be carried on any activity for the purpose of direct or indirect benefit to the taxpayer (American Automobile Association, Inc.), not someone else (its members).

Based upon the foregoing, when we come to consider the exemption statute, § 72–16A–12.27, supra, we thus see that the question of whether or not the taxpayer is "nonprofit" raises an inquiry as to whether the taxpayer itself is a nonprofit organization, or whether it is engaging in business for the purpose of direct or indirect benefit to itself. Whether there are benefits conferred upon its members is wholly irrelevant.

The Court of Appeals has, in effect, said that American Automobile Association, Inc., is not "nonprofit" because "benefits" are presumably conferred on someone entirely different, to-wit: the members on whom no tax is imposed in the first place.

■ We cannot agree with the holding of the Court of Appeals that, because the dues-paying members of the taxpayer organization receive benefits by virtue of their membership, the status of the petitioner changes.

The decision of the Court of Appeals is reversed, insofar as it determines that American Automobile Association, Inc. is not a nonprofit organization, and the cause is otherwise remanded to the Court of Appeals for a determination of the other issues raised concerning whether or not American Automobile Association, Inc. is a "business organization," and whether or not the receipts involved are from "dues and registration fees."

It is so ordered.

MARTINEZ, J., concurs.

STEPHENSON and MONTOYA, JJ., concur in result only.

OMAN, J., dissenting.

OMAN, Justice (dissenting).

In my opinion the decision of the Court of Appeals is correct. I would quash the writ of certiorari heretofore issued to that court in this cause. I am unable to agree with either the reversal of the Court of Appeals or with the reasoning of Chief Justice McManus and Justice Martinez by which they reach this result. However, since the majority agree upon a reversal of the decision of the Court of Appeals, I agree the cause should be remanded to that court for its consideration of the other reasons urged by the Bureau of Revenue in support of its position.

I respectfully dissent.