552 P.2d 476

**TWINING COOPERATIVE DOMESTIC WATER AND SEWER ASSOCIATION, Appellant,**

v.

**BUREAU OF REVENUE, State of New Mexico, Appellee.**

No. 2281.

Court of Appeals of New Mexico.

June 8, 1976.

Certiorari Denied July 15, 1976.

John A. Mitchell, Mitchell, Mitchell, Alley & Morrison, Santa Fe, for appellant.

Toney Anaya, Atty. Gen., Jan Unna, Special Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

SUTIN, Judge.

The question to determine is whether taxpayer, a nonprofit cooperative association organized under § 51–15–1 et seq., N.M.S.A.1953 (Repl. Vol. 8, pt. 1) was engaged in business and subject to the Gross Receipts Tax Act for servicing its members with a water piping system and sewage plant. We hold that it was not and reverse.

The Commissioner held that taxpayer was subject to the Act because of the purposes set forth in its articles of incorporation; that taxpayer owned and operated a water piping system and a sewage plant in Taos County, New Mexico, the use of which was available to its members who paid a monthly charge; that taxpayer's receipts were derived from the sale of its services to its members; that taxpayer obtained a federal loan to construct its system, and the moneys collected from its members were used to pay off the loan. Therefore, taxpayer was engaged in business because it carried on an activity and it was directly benefited by such activity. We disagree.

The pertinent purposes of taxpayer set forth in its articles of incorporation are:

"*To associate its members together for their mutual interests and benefit* and to that end to acquire, construct, install, maintain, and operate a water system for the supplying and distribution of water and a sewer system for the treatment and disposal of sewage for domestic uses and purposes *to its members*" and to do all things necessary to the "operation of a complete domestic water supply and distribution system and a complete domestic sewer treatment and disposal system." [Emphasis added].

\* \* \* \* \* \*

To levy assessments and make charges for water and sewer services in such manner and in such amounts as may be provided in the By-Laws of this association.

To engage in business, taxpayer must engage in services "*for other persons*" with the purpose of direct or indirect benefit to itself, for which activity it receives money for the performance of its services. Sections 72–16A–3(E), (F), (K), N.M.S.A. 1953 (Repl. Vol. 10, pt. 2, 1973 Supp.).

Taxpayer only services its members. It makes an assessment or charge sufficient to operate its water system and sewage plant, and to pay the loan on money obtained to build the system. It does not engage in any other service incidental to its principal purpose. Taxpayer is only a conduit or agent for its members in the collection of money and the payment thereof. It is merely a nonprofit corporation which is used to funnel the money from

its members through its corporate form to pay its loan and the operation of its plant. This may be a benefit to its members, but it is not a direct or indirect benefit to the taxpayer. *American Automobile Ass'n, Inc. v. Bureau of Revenue,* 87 N.M. 330, 533 P.2d 103 (1975); 88 N.M. 462, 541 P.2d 967 (1975). In these cases, the Supreme Court decided that a nonprofit business organization, the receipts of which are from dues and registration fees of its members, is exempt from the payment of a gross receipts tax under § 72–16A–12.27.

Taxpayer does not fall within this exemption clause. Exemption is not an issue in this case.

The only question to resolve is: Does service to its members constitute "service to others" as stated in the definition of "service" in § 72–16A–3(K)? The answer is "No."

"A 'nonprofit corporation means a corporation no part of the income or profit of which is distributable to its members, directors or officers.'" *American Automobile Ass'n, Inc. v. Bureau of Revenue,* supra [87 N.M. at 332, 533 P.2d at 105].

"A cooperative corporation, while having a corporate existence, is primarily an organization for the purpose of providing services and profits to its members and not for corporate profit." *Linnton Plywood Ass'n v. State Tax Commission,* 241 Or. 1, 403 P.2d 708, 709 (1965). There is a distinction between income derived from business transactions with its members and income derived from business transactions with nonmembers. Income derived from direct transactions with its members is not income of the taxpayer, while income derived from transactions with nonmembers is treated as the income of taxpayer. [Id., at 710]. A nonprofit corporation may engage in any lawful business, § 51–15–3, supra, so that its income or profit can be used directly or indirectly for the benefit of the corporation. But this business engaged in must be activity beyond that of dealing with its own members.

The Commissioner relies on *Farmers Oil Co. v. State Tax Commission,* 41 N.M. 693, 73 P.2d 816 (1937). This case arises out of the Emergency School Excise Tax Acts of 1934 and 1935, which provided for an exemption from taxes of organizations not operated for gain or profit. Laws 1934 (Sp.Sess.), ch. 7, § 212(a); Laws 1935, ch. 73, § 212(a). The court held that Farmers Oil Company, a nonprofit corporation, was not exempt because neither its articles of incorporation nor its by-laws confined its dealings with its own members. Compare, *Regents of University of N. M. v. Bureau of Revenue,* 62 N.M. 76, 304 P.2d 878 (1956).

*First,* in the instant case, taxpayer's articles of incorporation and by-laws do confine its business dealings with its members.

*Second,* the instant case is not an exemption case.

*Third,* the tax laws of 1934 and 1935 did not base their determination of a tax upon the definition of "service".

Section 72–16A–3(K) reads:

"service" means all activities engaged in *for other persons* for a consideration, which activities involve primarily the performance of a service as distinguished from selling property. [Emphasis added].

What is meant by "activities engaged in for other persons"? Does "other persons" mean taxpayer's members, or does it mean nonmembers, persons who are separate and apart from taxpayer? The words "other persons" have many meanings which make the words doubtful as to meaning. When this occurs, ". . . all doubts as to the meaning and intent of a tax statute must be construed in favor of the taxpayer." *Field Enterprises Ed. Corp. v. Commissioner of Rev.,* 82 N.M. 24, 28, 474 P.2d 510, 514 (Ct.App.1970). By adopting the construction favorable to the taxpayer, we believe the intent of the legislature was to grant immunity from the Gross Receipts

Tax Act to a nonprofit corporation which rendered services solely to its members for an assessment or a charge.

Reversed. Taxpayer is entitled to costs. IT IS SO ORDERED.

LOPEZ, J., specially concurs.

HERNANDEZ, J., dissents.

LOPEZ, Judge (specially concurring).

I agree with the result reached in Judge Sutin's opinion but specially concur to make clear the reasons for my so doing.

I think that *American Automobile Ass'n, Inc. v. Bureau of Revenue*, 87 N.M. 330, 533 P.2d 103 (1975) overruled sub silentio *Farmer's Oil Co. v. State Tax Commission*, 41 N.M. 693, 73 P.2d 816 (1937). In *Farmer's Oil* the court held that a non-profit corporation, which sold certain types of goods to its members, was engaged in business with the object of benefit, and was therefore subject to the tax. The court found a sufficient "benefit" to the organization in ". . . the fact that it, as well as its members, receives benefit and advantage in thus fulfilling the very purpose of its corporate existence."

In *American Automobile Ass'n*, the court held that the benefit to members was irrelevant in determining whether the corporation was a non-profit corporation. Ascertaining whether or not the corporation was a non-profit corporation was necessary to determine the applicability of a statutory exemption for dues paid to non-profit associations. Section 72–16A–12.27, N.M.S.A.1953 (Repl.Vol. 10, pt. 2, Supp. 1975). However, the court went on to resolve whether the corporation was "engaging in business" under § 72–16A–3(E), N.M.S.A.1953 (Repl.Vol. 10, pt. 2, Supp. 1975) which is the section with which we are concerned here. "Engaging in business" was contrasted with being a non-profit corporation, thereby implying that a non-profit corporation cannot be "engaging in business". Thus, although *Farmer's Oil* held that a non-profit cor-poration could be "benefited" by fulfilling its corporate purpose, the Supreme Court in the *American Automobile Ass'n* case appears to have adopted a strict distribution of profits test to determine "benefit". Under this test the cooperative water association receives no benefits.

HERNANDEZ, Judge (dissenting).

I respectfully dissent. In my opinion the Twining Cooperative is liable for gross receipts taxes. It provides services to members who pay on a monthly basis for these services. Twining is engaged in business in New Mexico. Its status as a non-profit corporation or cooperative association does not alter the fact that it is engaged in business. I believe *Farmer's Oil Co. v. State Tax Commission*, supra, is controlling. There is a benefit to Twining irrespective of the benefit to individual members, to-wit: Twining is carrying out its corporate purpose as stipulated in its Articles of Incorporation and Bylaws. A benefit does not have to be limited to profits or pecuniary gains (see G. R. Regulation 3(B):1—Consideration defined).