Lydia M. Simcoke, Appellant, v. A. H. Sayre, Treasurer of Guthrie County, Appellee.

**Taxation:** burial grounds: exemptions. The unsold lots of a burial ground held and owned by a private individual for sale at a profit are not exempt from taxation under the provisions of the statute exempting public grounds, including places for burial of the dead, from which no dividend or profits will be derived: Nor is there an implied exemption of the same growing out of any question of public policy.

*Appeal from Guthrie District Court.*—Hon. J. H. Applegate, Judge.

Thursday, June 16, 1910.

Suit in equity to enjoin the collection of taxes assessed and levied for the year 1907 against the unsold portions of a cemetery near the city of Stuart in Guthrie county. The trial court denied the relief asked, and plaintiff appeals.—*Affirmed.*

*D. H. Miller* and *R. S. Barr,* for appellant.

*C. B. Hughes,* County Attorney, for appellee.

DEEMER, C. J.—The trial court filed a written opinion, and, as both parties concede that the facts are correctly stated therein, we copy therefrom the following "Plaintiff owns the unsold portion of what is called 'South Oak Grove Cemetery,' situated within the corporate limits of the city of Stuart, Iowa. This cemetery includes about five and four-fifths acres of land and is divided into small lots about sixty-five of which have been sold for burial purposes at $30 per lot, and there yet remains about four hundred and forty-four lots which are held for sale by plaintiff at $30 per lot. It was platted as such in April, 1901, and the land on which the same is located is worth about $200 per acre, as acreage property. In 1907 the city council of Stuart, Iowa, caused the unsold lots in this cemetery to be added to the assessment roll at a valuation of $1,000. Plaintiff appeared before the council and resisted the proposed assessment, but from the adverse action of the city council took no appeal, and the same was duly returned to the defendant as treasurer of Guthrie county, with other property for the collection of the taxes thereon from the year 1907. This tax was not paid by plaintiff; but this action was brought to enjoin the defendant from collecting the same, on the ground that the property is not assessable, or liable for taxation."

Section 1304 of the Code Supplement of 1907, so far as material, reads as follows: "The following classes of property are not to be taxed: public grounds, including all places for the burial of the dead, crematories, the land on which they are built and appurtenant thereto, not exceeding one acre, so long as no dividends or profits are derived therefrom."

It is claimed that the land or lots in question are exempt from taxation under this section. There can be no doubt that the lands or lots are within an inclosure for the

burial of the dead, but this property is privately owned and is held for profit. The trial court made the following finding with reference to this: "Plaintiff owned this land prior to and at the time it was platted and dedicated as a cemetery. It was then worth not to exceed $1,160. She was at some expense in platting and fencing said land, the exact amount of which is not shown. She has since sold sixty-five lots at $30 each, for a total sum of $1,950, and still has lots which she values at $13,320. The annual income from hay cut from the lots is insignificant, but the prices at which these lots have been sold and the valuation put upon those unsold by plaintiff make, an increase in value over the value of the land as acreage property beyond the expectations of the most avaricious speculative purchaser."

By the express terms of the statute, places for the burial of the dead are not exempt if dividends or profits are derived therefrom. The word "dividends" has a peculiar and definite significance. It means a distributive sum, share or percentage arising from some joint venture as a corporation or a proportionate amount arising from a bankrupt or other estate. The term "profit" has a much larger meaning, however, and covers benefits of any kind, excess of value over cost, acquisition beyond expenditure, gain, or advance. It is broad enough to cover any sort of advantage, advance or gain. The testimony shows not only a large gain or profit to plaintiff in the division and sale of the burial lots, but an income, although small, from the sale of hay produced from the lots. Plaintiff's dedication of the land to cemetery uses was not through philanthropic motives and lacks all elements of charity or benevolence. Her object seems to have been to profit from the transaction. The lots which were sold were not taxed, but those remaining in plaintiff's name were assessed and taxes levied thereon. In our opinion these remaining lots were not exempt from taxation under the statute quoted. Some

kind of an implied exemption arising out of public policy is claimed, but in our opinion there is no such exemption. It may be that the lots so laid out and on the strength of which other lots were sold can not be devoted to other purposes than for the burial of the dead; but with that question we are not concerned. Even though the use be limited, this is no reason why they may not be sold at tax sale. Authorities upon the question are not numerous; but *Brown v. Pittsburgh* (Pa.) 16 Atl. 43, tends to support our conclusion.

It is to be noted, in this connection, that originally and down until the Twenty-Sixth session of the General Assembly all places for the burial of the dead were exempt from taxation. See Code 1873, section 797; acts 26th General Assembly, chapter 29. The Twenty-Sixth General Assembly carried the qualifying clause into the law, and this was amplified in the Code of 1897, and perhaps further extended by section 1304 of the Code Supplement of 1907. There can be no question now that the 'qualifying clause applies to places for the burial of the dead. Applying the principle that taxation is the rule and exemption the exception, and that he who claims property is exempt must point out a statute conferring the privilege, we have no hesitation in holding that the unsold lots and land were properly assessed for taxation.

The judgment must therefore be, and it is, *affirmed.*