[No. 2802. July 6, 1925]

# BOOTH v. GROSS, KELLY & CO.

## SYLLABUS BY THE COURT

1. Defendant corporation promised plaintiff that he should enjoy as part of his compensation as employee, as he had been doing, the equivalent of the regular dividend on $5,000 stock.  Certain earnings were divided among the stockholders as a stock dividend, no portion of which was awarded to plaintiff. Plaintiff had received the equivalent of a 12 per cent. dividend on $5,000 stock uniformly for many years. Plaintiff claimed that he was entitled to share in all dividends declared from earnings, and that stock dividends are embraced ·within the term "regular dividends." The trial court sustained a demurrer to plaintiff's evidence, and rendered judgment for defendant. No findings of fact or law were made or requested. The record, which contains all the evidence, has been examined, and the judgment is affirmed.

Appeal from District Court, Bernalillo County; Hickey, Judge.

Action by Wilmoth H. Booth against Gross, Kelley & Co., a corporation. Judgment for defendant, and plaintiff appeals. Affirmed.

A. B. McMillen, of Albuquerque for appellant.

O. O. Askren, of East Las Vegas, for appellee.

### OPINION OF THE COURT

BICKLEY, J.  [1] Plaintiff (appellant) brought suit against defendant (appellee) on a certain contract wherein, according to plaintiff's allegations, he was to receive a certain fixed salary and, in addition thereto, the equivalent of the regular dividends on $5,000 of stock of the defendant company to be declared by said company each year during the employment of plaintiff with the defendant company.

By paragraph 3 of plaintiff's complaint plaintiff alleged further that he was to have compensation over and above the stated salary in a sum, to be fixed upon the success and earnings of said corporation; that only a

portion of the earnings was declared as dividends; and that the plaintiff was paid only a small portion of the compensation he would be entitled to upon the dividend actually declared; and that plaintiff had been paid nothing on account of the earnings made by said defendant which had not been distributed in the way of dividends.

The defendant admitted that the plaintiff was employed by the company as alleged, and that he was to receive a fixed salary for his services, and denied all of the remaining allegations of the plaintiff's complaint except that it had made large earnings during the period referred to, and that it had declared only a portion thereof as dividends, and also admitted that plaintiff had not been paid anything on account of such earnings not distributed as dividends.

The case was tried by the court without a jury, and at the conclusion of the plaintiff's testimony a demurrer to the evidence was interposed by the defendant, and said demurrer was sustained by the trial court, and judgment rendered for the defendant. No findings of fact or conclusions of law were requested or made.

The case is here on appeal on the record, which contains the evidence introduced at the trial.

Without the aid of findings of fact or conclusions of law we have examined the record of the evidence with a view of determining whether the judgment may be sustained upon any reasonable theory upon which the trial court might have decided the case. We find that in 1909 the plaintiff wrote the president and directors of the defendant company a letter asking that there should be issued to him some of the stock of the defendant company, arguing that he was entitled to this privilege on account of his long service with the company. Defendant, through its officer, answered this letter, stating that the policy of the company did not admit of any further issuance of stock in the company to its employes, and further stated:

"The directors did decide, however, that you should enjoy

as you have been doing, the equivalent of the regular dividend on $5,000 stock, and we felt that you would appreciate this."

The evidence showed that plaintiff had received the equivalent of 12 per cent. dividend on $5,000 worth of stock during all of the years he had worked for the defendant company from 1909 to 1917, inclusive.

In 1909 the defendant company was incorporated for $300,000, and during the year 1916 the capital stock was increased to $1,000,000, divided into 10,000 shares of the par value of $100 per share; that on said date there was a large reserve or surplus in the treasury of the defendant company over and above the·capital stock, which was set aside as a stock dividend, said sum being $502,715.66; that said surplus was declared to be a stock dividend, and the stockholders were given additional stock in proportion to their then stock-holdings, being required to pay in cash or with their notes the balance so as to bring the capital stock up to the increased amount of $1,000,000. The sole contention of the plaintiff in this case is that he did not receive his proportion of this stock dividend. The plaintiff contends, and doubtless contended in the trial court, that the stock dividend, being derived from the profits of the business, was embraced within the phrase "regular dividend."

The evidence shows that no promise had been made by the defendant to the plaintiff respecting dividends, except that plaintiff should receive, as he had been receiving, "the equivalent of the regular dividend on $5,000 stock," In our opinion, stock dividends are extraordinary dividends, and not included within the phrase "regular dividends." This view finds support in many of the authorities.

The kinds and classification of dividends are set forth in Thompson on Corporations, § 5271, as follows:

"The common understanding among business men and holders of corporation stock is that a dividend, the fund set apart for distribution, is money, and that a distribution to be made of the fund is paid out in cash. But the courts and the law writers recognize different kinds of dividends. These are usually as follows: (a) A dividend payable in cash. (b) a

dividend payable in stock: (c) a dividend payable in bonds; (d) a scrip dividend; (e) a dividend payable in property; and (f) an interest dividend. Nothing more need to be said as to the first kind, except that the general rule is that all dividends are payable in cash, unless there is some special arrangement or agreement by which the stockholders consent to receive some of the other kind in lieu of cash. * * * "

**[2, 3]** "Profits" and "dividends" of a corporation are not necessarily synonymous terms. Boothe v. Summit Coal Mining Co., 55 Wash. 167, 104 P. 207, 212, 19 Ann. Cas. 1255, citing City of Alleghany v. Pittsburgh A. & M. Pass. R. Co., 179 Pa. 414, 36 A. 161.

And:

"The term 'profit' has a larger meaning than 'dividends,' and covers benefits of any kind, excess of value over cost, acquisition beyond expenditure, gain or advance." Simcoke v. Sayre, 148 Iowa, 132, 126 N. W. 816, 817.

" 'A stock dividend is merely an increase in the number of shares; the increased number representing the same property that was represented by the smaller number of shares. One who sells stock, reserving the dividend that may be declared by a certain date, cannot claim the stock dividend thus declared, but only the cash dividend'. Kaufman v. Charlottesville Woolen Mills, 93 Va. 673, 25 S. E. 1003.

"It is held by the Illinois court that: 'A stock dividend gives the stockholder merely an evidence of the additions made by the corporation to its own capital. It adds nothing to the capital of the corporation nor to the capital of the shareholder.'. De Koven v. Alsop, 205 Ill. 309, 68 N. E. 930, 63 L. R. A. 587. 'A stock dividend is not in the ordinary sense a dividend; the latter being the distribution of profits to stockholders as the income from their investments. A stock dividend is merely an increase in the number of shares; the increased number representing exactly the same property that was represented by the smaller number of shares.' 7 Words and Phrases, p. 6664, and cases cited." Lancaster Trust Co. v. Mason, 152 N. C. 660, 68 S. E. 235, 236, 136 Am. St. Rep. 851.

There seems to be some conflict of authorities in the state courts as to when certain dividends are properly classified as cash dividends or when as stock dividends. The rule laid down by the Supreme Court of the United States for determining how a dividend shall be regarded is that it must be determined entirely from the intention of the corporation when it is declared, as expressed by its vote or resolution, and that

the discretion thus exercised by the directors, in the absence of fraud or bad faith, is not the subject of judicial investigation. See Gibbons v. Mahon, 136 U. S. 549, 10 S. Ct. 1057, 34 L. Ed. 525.

From the record it appears that the officers and directors of the defendant corporation had managed its affairs with conspicuous ability and success, and we must assume that they were men of high intelligence, and it seems unlikely that they would deny plaintiff's request for the purchase of stock in the company and at the same time agree to give him each year the earnings on the amount of stock he desired to purchase. It would have been far more advantageous to plaintiff to have enjoyed the earnings on the stock without purchasing it than to be the owner thereof, because thus he would have enjoyed the benefits of the stock without having any of its responsibilities, and without being out the interest on the investment.

We think that under all of the circumstances as disclosed from the record the judgment of the lower court should be affirmed, and it is so ordered.

PARKER, C. J.; and WATSON, J., concur.