In the language of Section 12283, General Code, is the recording of the proposed articles of incorporation "an act which the law specially enjoins as a duty resulting from" the office of the respondent Secretary of State?
As disclosed by the petition, the purpose clause of the articles of incorporation of the proposed nonprofit corporation reads as follows:
"The purpose or purposes for which said corporation is formed are: To promote the social welfare of the community known as the village of Greenhills, Hamilton county, Ohio, and the surrounding territory; and to secure the benefits of home ownership to the present inhabitants of the area and to such persons of similar character and modest financial status who may become inhabitants of the area; to attain said purposes by acquiring the assets, liabilities and good will of the Greenhills Home Owners' Corporation, presently organized *Page 68 
and existing under the laws of Ohio; by purchasing all or any part of the property known as the `Greenhills Greenbelt' community, in Springfield township, Hamilton county, Ohio, now owned by the United States Government; by conveying, leasing, developing or operating such property as the aforesaid purposes, the civic interest of the Greenhills community, and principles of good land and village planning demand; by devoting any funds remaining after payment of the costs expended toward and in furtherance of the aforesaid purchase and development to a public charitable trust to be known as the Greenhills Civic Trust, for the benefit of the civic advancement and development of the general community in and about Greenhills, and the general social welfare of the citizens thereof; and by doing any or all other things in furtherance of said purpose to the same extent as natural persons might or could do.
"Each person becoming a member of this corporation agrees thereby, as a condition of membership, that any surplus receipts of the corporation which might otherwise in any way inure to his benefit as pecuniary gain or profit, may not be accepted or received by him as such member."
In declining to record the articles of incorporation the respondent stated that his refusal was for the reason that "a real estate business cannot be incorporated as a corporation not for profit, under the decision in State, ex rel. [Atty. Genl.], v. Home Co-operative Union, 63 Ohio St. 547."
The statute under which the relators wish to incorporate is Section 8623-97, General Code, which reads as follows:
"A corporation not for profit may be formed hereunder for any purpose or purposes not involving pecuniary gain or profit for which natural persons may lawfully associate themselves, provided that where the *Page 69 
General Code makes special provision for the filing of articles of incorporation of designated classes of corporations not for profit, such corporation shall be formed under such provisions and not hereunder."
In the first sentence in their articles of incorporation the relators state that they desire to form a corporation not for profit; and in their purpose clause they state that any person becoming a member of the corporation will not accept surplus receipts of the corporation which might "inure to his benefit as pecuniary gain or profit."
Are these self-designating statements conclusive as to the character of the proposed corporation?
This court has followed the general rule by answering this question in the negative. In his opinion in the case of Celina Mercer County Telephone Co. v. Union-Center Mutual TelephoneAssn., 102 Ohio St. 487, 133 N.E. 540, 21 A.L.R., 1145, Hough, J., said:
"How may it be determined whether a corporation or association is one for profit or not for profit? Does the filing of articles of incorporation, in which the declaration is made that it is not for profit, and on which the charter is issued, govern or determine this question? Is the issuance or nonissuance of capital stock controlling, or is it whether a business is to be engaged in, and operated with consideration of the character of that business and the method of conducting it, that is the true test?
"We think the latter."
To the same effect is the following restatement of the rule in the case of Read v. Tidewater Coal Exchange, Inc., 13 Del. Ch. 195,116 A. 898:
"Nor would a mere declaration in its certificate of incorporation that it was organized not for profit, be sufficient to stamp upon it a nonprofit character. In each case, when the corporation is examined, the true facts must be ascertained and the corporation judged *Page 70 
accordingly, no matter what its scheme of operation, or its pretensions may be."
In 1 Fletcher Cyclopedia of the Law of Private Corporations (Perm. Ed.), 240, Section 71, the rule is summarized as follows:
"The particular classification within which a corporation falls depends upon the purposes for which it is formed and the powers conferred upon it."
The relators rely on the decision in the case of State, ex rel.Steubenville Gas Electric Co., v. Taylor, Secy. of State,55 Ohio St. 61, 44 N.E. 513, in which it was held that the duty of the Secretary of State as to filing articles of incorporation is controlled by the statutes of the state and not by the discretion of the officer. However, a study of that case discloses that the Secretary of State refused to file amendments to articles of incorporation, and this refusal was sustained by the court in denying a writ of mandamus. In the opinion it was said by Spear, J.:
"The foundation of corporations in this state is regulated by general laws. When the proposed incorporation shows compliance with those laws it is entitled to articles of incorporation; if it fails to so comply, the application is to be refused upon that ground, and that is sufficient."
The next question involves the decision of this court in the case of State, ex rel. Attorney General, v. Home Co-operativeUnion, 63 Ohio St. 547, 59 N.E. 220, upon which the respondent relies. The syllabus reads as follows:
"Companies incorporated under Section 3235, Revised Statutes, for the purpose of dealing in real estate are necessarily for profit, and must be so organized."
The relators insist, first, that this decision is not applicable here, and, second, that, if it is applicable, it should be overruled. The court finds itself unable to agree with either of these contentions. *Page 71 
The instant case illustrates the soundness and the applicability of that decision. Is the proposed corporation to be one "not involving pecuniary gain or profit" to its members as contended by the relators?
A study of the previously quoted purpose clause reveals that this corporation will be authorized "to attain said purposes by acquiring the assets, liabilities and good will of the Greenhills Home Owners' Corporation * * * [a corporation for profit]; by purchasing all or any part of the property known as the `Greenhills Greenbelt' community * * *; by conveying, leasing, developing or operating such property as the aforesaid purposes, the civic interest of the Greenhills community, and principles of good land and village planning demand; by devoting any funds remaining after payment of the costs expended toward and in furtherance of the aforesaid purchase and development to a public charitable trust to be known as the Greenhills Civic Trust, for the benefit of the civil advancement and development of the general community in and about Greenhills, and the general social welfare of the citizens thereof; and by doing any or all other things in furtherance of said purpose to the same extent as natural persons might or could do." Thus, the proposed nonprofit corporation will have authority to acquire the assets and liabilities of an existing corporation for profit, to purchase realty, to convey realty, to lease realty, to develop realty, to operate realty, to devote surplus funds to a trust for the benefit of the citizens and the development of the community, and to do all things a natural person might or could do in furtherance of the objectives.
Is this broad authority consistent with the concept of a corporation not dealing in real estate and not for profit? To so hold would require a disregard of the foregoing plain language. However, the relators point to the additional provision that each member of *Page 72 
the corporation agrees not to accept pecuniary gain or profit from any corporate surplus. One difficulty with this contention is the clear purpose to confer both direct and indirect benefits to members of the corporation irrespective of the realization of a surplus. That these benefits include pecuniary gain or profit is demonstrated by the expressed purpose to secure the benefits of home ownership to persons of "modest financial status." (Italics supplied.) Obviously it is a most commendable objective to encourage and assist the purchase of homes by those who otherwise could not afford such an acquisition. But just as obviously this fact does not warrant a disregard of the statutory provision enacted by the General Assembly. As was said in the opinion in the case of State, ex rel. Troy, Pros. Atty., v.Lumbermen's Clinic, 186 Wn. 384, 58 P.2d 812:
"Profit does not necessarily mean a direct return by way of dividends, interest, capital account or salaries. A saving of expense which would otherwise necessarily be incurred is also a profit to the person benefited. If respondent renders to its incorporators or members, or to businesses in which they are interested and in whose profits they share, a service at a cost lower than that which would otherwise be paid for such service, then respondent's operations result in a profit to its members."
But in the instant case even any surplus placed in the trust fund may be used for the "development of the general community" in which the relators live.
In the matter of incorporation the controlling question, of course, is not what part of its authority probably will actually be exercised by the corporation but rather what authority it actually possesses and may exercise under the articles recorded.
Under the circumstances the respondent Secretary of State properly declined to record the proffered *Page 73 
articles of incorporation on the ground that the proposed corporation as the successor to a corporation for profit fails to meet the statutory requirements for a corporation not for profit. Hence, in the absence of a clear legal duty to record the articles, the demurrer to the petition must be sustained and the writ denied.
Writ denied.
MATTHIAS, HART, ZIMMERMAN, STEWART and TURNER, JJ., concur.
TAFT, J., concurs in paragraphs one, two, three, four and seven of the syllabus, but dissents from paragraphs five and six of the syllabus and from the judgment.