WOODLAND GARDEN APARTMENTS, INC., APPELLANT, *v.*
PORTERFIELD, TAX COMMR., APPELLEE.

(No. 65976—Decided February 26, 1968.)

*Messrs. Weldon, Huston & Keyser* and *Mr. Charles H. Huston,* for appellant.

*Mr. William B. Saxbe,* attorney general, and *Mr. Jon Ziegler,* for appellee.

This cause and matter came on to be considered by the Board of Tax Appeals upon a notice of appeal filed herein under date of September 13, 1967, by the appellant above named, from a final order of the Tax Commissioner dated August 14, 1967, wherein that official passed upon an application for review and correction of arrearage franchise tax certifications for the tax years 1962 to 1966 inclusive, filed with him by the appellant, under the provisions of Section 5733.11, Revised Code, with respect to appellant's franchise tax liability for the years in question.

The matter was submitted to the Board of Tax Appeals upon the notice of appeal, the statutory transcript furnished by the Tax Commissioner, the testimony and evi-

dence presented at a hearing before the Board of Tax Appeals in Columbus, Ohio, on November 1, 1967, and the briefs supplied by counsel.

The body of the final order of the Tax Commissioner reads as follows:

"This proceeding, being the application of Woodland Gardens Apartments, Inc., an Ohio corporation, for review and correction of arrearage franchise tax certifications for the years 1962 to 1966, inclusive, after being duly heard, came on to be considered for final determination.

"Upon audit of the applicant's franchise tax reports it was determined that the applicant had deducted in the computations of its net worth for the years involved an amount claimed to be an exempt asset. The Tax Commissioner added this amount to applicant's net worth, resulting in arrearage certifications. The applicant filed an application for review and correction pursuant to the provisions of Section 5733.11, Revised Code, objecting to the arrearage certifications and contending that although incorporated for profit it does not operate for profit and should be exempt from the franchise tax. The applicant cited two Ohio Supreme Court cases in support of its contention. The first was *Kirtland Country Club Co.* v. *Bowers* (1962), 174 Ohio St. 116, which held personal property cannot be taxed under Section 5709.01, Revised Code, when it is owned by a country club not conducted for gain, profit or income. The second was *State, ex rel. Russell,* v. *Sweeney* (1950), 153 Ohio St. 66, which held that the Secretary of State must refuse to record the articles of incorporation of a proposed corporation not for profit where the corporation's actual character is for profit.

"Upon consideration of the information and evidence at hand, and Sections 5733.01 and 5733.05, Revised Code, the Tax Commissioner finds that the claimed exemption does not qualify as an exempt asset and that the two cases *Kirtland Country Club* v. *Bowers* (1962), 174 Ohio St. 116, and *State, ex rel. Russell,* v. *Sweeney* (1950), 153 Ohio St. 66, do not apply to the question of the applicant's franchise tax liability.

"Accordingly, the Tax Commissioner finds no error in the arrearage certifications as heretofore made.

"The Tax Commissioner hereby issues this certificate of determination which is his final order with respect to the certifications here under review and orders that a copy of this certificate of determination be forwarded to the Auditor of State whose records shall be in conformity with the following:

"Arrearage Certificate No. 926-8531

| Year | Valuation | Total Tax |
|------|-----------|-----------|
| 1962 | $368,071.00 | $1,104.21 |
| 1963 | 357,248.00 | 1,071.74 |
| 1964 | 346,425.00 | 1,039.28 |
| 1965 | 338,784.49 | 1,016.35 |
| 1966 | 327,120.67 | 981.36" |

The appellant's notice of appeal in pertinent part reads as follows:

"Such tax assessment, valuation, determination, finding, computation or order is erroneous in the following respects:

"(1) That the Tax Commissioner found that the appellant, a cooperative apartment company, was a corporation for profit and subject to franchise taxes where the evidence shows that the operation of the appellant is designed to collect only amounts necessary to pay the expenses of the operation of the building.

"(2) That the Tax Commissioner failed to consider the fact that the true value of the principal asset of the corporation, to wit: the resident cooperative apartment building, was not the value carried on the books of the corporation, considering the fact that the leases on said apartments run during the life of the corporation and provide no income to the corporation, other than the payment of the expenses of the building, and the value to the corporation is only the reversionary interest and as such has only minimal value.

"(3) That the Tax Commissioner failed to consider that the appellant, which holds title to a cooperative apartment building and makes quarterly assessments from the shareholder tenants to pay the expenses incurred in operating the building, was not engaged in some active participation for profit in a business activity, and therefore was not doing business, and was subject to franchise taxes only on one-half of its net value represented by property and not on one-half represented by doing business.

"WHEREFORE, the appellant prays that the order of certificate of determination by the Tax Commissioner be overrun and appellant be found to owe no franchise taxes for the years 1962, 1963, 1964, 1965 and 1966."

The appellant, Woodland Gardens Apartments, Inc., is a corporation, organized for profit, under the laws of the state of Ohio, in 1953.

The purpose clause of appellant's Articles of Incorporation reads as follows:

"THIRD. The purpose or purposes for which it is formed are: For acquiring, owning, constructing, erecting, leasing and operating an apartment building and other additional buildings on the site thereof to be held by the stockholders as tenants on a cooperative basis, without rent or other profits to the corporation, excepting the necessary expense of upkeep, operating and care of buildings, including the taxes, special assessments, insurance, fuel, light, water, janitor service, repairs, interest, prepayments of mortgage indebtedness, and creating such reasonable surplus as the board of directors may deem advisable, together with such other expense as the board deems proper for the best interest of the corporation, the same to be collected by assessments levied by the board of directors against each stockholder."

The corporation was formed for the purpose of organizing, building, leasing, operating an apartment building and possibly other buildings on a shared cost basis among the various occupants.

The record clearly shows that a twelve apartment building was planned, constructed, occupied and operated

by the appellant with each tenant paying nearly $40,000.00 as his share of construction costs of the apartment building. For this sum of money, each payer received one share of stock in the appellant corporation which in turn entitled each shareholder to acquire a lease on an apartment in the apartment building. Only 12 of 144 authorized shares were issued.

An organization of shareholders was formed and the appellant corporation was operated under its rules and regulations as set forth in its "Code of Regulations" (Tax Commissioner's Transcript Page 47-54).

Basically the arrangement was for an annual assessment to be made against each shareholder based upon a proposed budget with said assessments to be paid monthly and later in quarterly installments, with said assessments to overpay actual operating expenses sufficiently to allow appellant to carry a balance of several thousand dollars as operating capital. If such balance became larger than necessary, then the assessment was reduced to compensate for the surplus in the operating fund.

The appellant did not make a cash profit and was not intended to so operate.

The term of each of the leases to the shareholders provided that the lease was to run for the life of the corporation.

During the years 1962 through 1966, the years in question, the appellant corporation filed its franchise tax return on a basis of one $10,000.00 value for each unit in the 12 apartment building, or a total value of $120,000.00. The Tax Commissioner increased this value to the value of the building as determined by a cost less depreciation value which the appellant corporation used in filing its federal income tax returns, and issued arrearage certificates for the tax years 1962 through 1966 based on said depreciated values.

Although appellant's brief discusses its claimed error in a different order from that set out in its notice of appeal the Board of Tax Appeals will discuss and decide the alleged errors in the order set out in said notice of appeal.

1. Section 5733.01, Revised Code, provides in pertinent part as follows:

"The tax provided by Sections 5727.39 to 5727.62, inclusive, and Sections 5733.01 and 5733.27, inclusive, Revised Code, for domestic corporations shall be the fee charged against each corporation organized for profit under the laws of this state * * * for the privilege of exercising its franchise during the calendar year in which such fee is payable, * * *"

The third and fourth branches of the syllabus in the case of *State, ex rel. Russell, Jr., v. Sweeney, Secy. of State,* 153 Ohio St. 66, read as follows:

"3. The true test is the actual character of the proposed corporation.

"4. Such character is determined not by the authority that probably will actually be exercised by the corporation but rather by the authority it actually possesses and may exercise under the articles recorded."

It is therefore the finding of the Board of Tax Appeals that the appellant is a corporation for profit, as set forth in its charter *supra*, is therefore subject to franchise tax, and appellant's first assignment of error is without merit.

2. The second assignment of error questions the manner in which the Tax Commissioner determined the value of appellant's outstanding shares of stock.

Section 5733.03, Revised Code, provides for the contents of the annual corporation report and Section 5733.05, Revised Code, provides the statutory formula for the Tax Commissioner to determine the value of corporate shares issued and outstanding.

The evidence is clear that the Tax Commissioner followed this formula and properly determined the value of the shares of appellant corporation.

The contention that the Tax Commissioner should determine the "true value" as opposed to "book value" is not within the statutory formula and thus the second assignment of error is without merit.

3. The third assignment of error claims that the ap-

pellant should at least be entitled to a finding of zero for its "business" factor in computing its franchise tax and thus in effect be subject to a much smaller tax than using the "business done in Ohio" as the second half of its franchise tax computation (Section 5733.05, Revised Code).

The evidence clearly shows that appellant is engaged in an activity consisting of the operation of a building containing 12 apartments, the hiring of necessary employees, the maintenance and repair of said building and all of these operations were carried on in Ohio. Appellant's own figures are used as the basis for its business done factor and it is the finding of the Board of Tax Appeals that the Tax Commissioner acted in a proper manner and without error in the use of the business factor in computing appellant's franchise tax.

Giving consideration to the conclusions reached, the testimony, evidence, case law and statutes, it is the decision of the Board of Tax Appeals that the final order of the Tax Commissioner was correct and that said final order must be and hereby is, affirmed.

I hereby certify the foregoing to be a true and correct copy of the action of the Board of Tax Appeals of the Department of Taxation this day taken with respect to the above matter.

S/ Arthur W. Moore
_____
Secretary