WOODLAND GARDENS APARTMENTS, INC., APPELLANT, v.
PORTERFIELD, TAX COMMR., APPELLEE.

(No. 68-196—Decided December 4, 1968.)

*Messrs. Weldon, Huston & Keyser* and *Mr. Charles H.
Huston,* for appellant.

*Mr. William B. Saxbe,* attorney general, and *Mr. Jon
A. Ziegler,* for appellee.

*Per Curiam.* This is an appeal from a decision of the
Board of Tax Appeals, and the question for determination
is whether the Tax Commissioner properly and correctly
fixed the amount of the franchise tax due and owing from
the appellant, Woodland Gardens Apartments, Inc., an Ohio
corporation operating in Ohio and organized for profit,
for the years 1962 through 1966, and whether the Board of
Tax Appeals, on appeal, correctly affirmed the final order
of the Tax Commissioner.

Appellant was incorporated in 1953 for the purpose of
acquiring, owning, constructing and erecting, leasing and
operating an apartment building and other additional
buildings. Each corporate shareholder subscribed to and
received one share of stock representing a one-twelfth
interest in the land and building of appellant herein in-
volved. In addition to the share of stock, each shareholder
acquired a lease for one of the 12 units of the apartment
building. Under the by-laws of the corporation and the
terms of the lease, the share of stock and the lease were
transferable only together; neither could be transferred
separately. The lease extended over the life of the corpora-
tion. By authorization of appellant's Articles of Incorpora-
tion, each shareholder and lessee was assessed an amount

of money, payable at intervals, to cover the operation of the apartment building—services, maintenance, repairs, etc.—and to create such reasonable surplus as the board of directors deemed advisable.

During the years 1962 through 1966, appellant filed franchise tax returns on the basis of a valuation of $10,000 for each apartment unit, or $120,000 in all. In making the additional assessment complained of, the Tax Commissioner fixed the value of the apartment building on the basis of the cost of construction less depreciation—the same valuation used by appellant in filing its federal tax returns.

Section 5733.01, Revised Code, relating to domestic corporations, provides that the tax imposed by specified sections of the statutes shall be the fee charged against each corporation organized for profit for the privilege of exercising its franchise during the calendar year in which such fee is payable.

As already noted, appellant was organized as a corporation for profit, and under the purpose clause of the Articles of Incorporation it is authorized to operate as a profitable venture.

In the case of *State, ex rel. Russell,* v. *Sweeney,* 153 Ohio St. 66, 91 N. E. 2d 13, this court expressly held that the character of a corporation, whether for profit or not for profit, is to be determined not by the manner of its actual operation, but rather by the authority it actually possesses and may exercise under its recorded Articles of Incorporation. The court said that "profit" is not to be measured alone by a monetary gain but may consist of the saving of expenses to members of the corporation by the methods employed in carrying on its activities.

The record herein indicates that appellant has accumulated a surplus by the way in which its activities are conducted and that the benefits and advantages of such surplus are reflected in reduced charges against its shareholders and lessees occupying the apartment building—a lesser cost to them than they would incur in occupying comparable living accommodations elsewhere. It has been held that the accumulation of a surplus is indicative of the character of a corporation as one having a profit mo-

tive. See *American Jersey Cattle Club* v. *Glander*, 152 Ohio St. 506, 90 N. E. 2d 433.

We, therefore, agree with the conclusion of the Tax Commissioner and the Board of Tax Appeals that appellant is a corporation for profit as set forth in its Articles of Incorporation and functions in such a way as to be subject to the Ohio franchise tax, as determined by the taxing authorities.

Next, is error manifest in the formula employed in fixing the amount of the franchise taxes imposed on appellant for the years 1962 through 1966? This involves a proper valuation of appellant's issued and outstanding shares of stock.

Section 5733.05, Revised Code, as pertinent here, reads:

"After the filing of the annual corporation report, the Tax Commissioner, if he finds such report to be correct, shall * * * determine the value of the issued and outstanding shares of stock of every corporation required to file such report. * * * For the purpose of this section, the value of the issued and outstanding shares of stock of any such corporation shall be deemed to be the total value, as shown by the books of the company, of its capital, surplus, whether earned or unearned, undivided profits, and reserves, but exclusive of:

"(A) Reserves for accounts receivable, depreciation, depletion and any other valuation reserves with respect to specific assets;

"(B) Taxes due and payable during the year for which such report was made;

"(C) Good will, appreciation and abandoned property as set up in the annual report of the corporation when said annual report is accompanied by a certified balance sheet of the company * * *."

It is shown by the record that the subject land and apartment building were *carried on appellant's books* at a valuation of $443,400, less accumulated depreciation.

In computing the value of appellant's issued and outstanding shares of stock, using appellant's book valuation, the Tax Commissioner properly applied the formula con-

tained in quoted Section 5733.05, Revised Code, and thereby increased the franchise tax due and owing from appellant over that reported and claimed by it. *Book value* is the recognized criterion in fixing franchise taxes. *National Tube Co.* v. *Peck*, 159 Ohio St. 98, 111 N. E. 2d 11.

Appellant contends further that it is entitled to a zero finding for its "business done" factor in determining its franchise tax. However, the method followed by appellant in operating the apartment building and the manner in which this was accomplished, as outlined above, show that the zero factor may not be used.

Paragraph (C) of Section 5733.05, Revised Code (126 Ohio Laws 747), provides, in part, as follows:

"(C) * * * divide into two equal parts the value as determined in this section of the issued and outstanding shares * * * take the other part and multiply by a fraction whose numerator is the value of the business done by the corporation in this state * * * and whose denominator is the total value of its business * * * wherever transacted."

This was the formula used in reaching the result of which complaint is made, and we do not find it was improperly applied.

One of the cases relied on by appellant is *Kirtland Country Club Co.* v. *Bowers*, 174 Ohio St. 116, 186 N. E. 2d 851, which involved the liability of a country club, organized principally for social and recreational purposes, for the payment of *personal property taxes*. We think the operation there involved is different and distinguishable from the one here in issue, where the element of gain or profit is discernible. Compare *American Jersey Cattle Club* v. *Glander, supra* (152 Ohio St. 506).

The decision of the Board of Tax Appeals, being neither unreasonable nor unlawful, is affirmed.

*Decision affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT and SCHNEIDER, JJ., concur.

BROWN, J., dissents.