525 P.2d 929

**AMERICAN AUTOMOBILE ASSOCIATION, INC., Appellant,**

**v.**

**BUREAU OF REVENUE of the State of New Mexico, Appellee.**

**No. 1293.**

Court of Appeals of New Mexico.

April 24, 1974.

Rehearing Denied June 17, 1974.

Certiorari Issued July 25, 1974.

Dean S. Zinn, Zinn & Donnell, Santa Fe, Tibo J. Chavez, Chavez & Cowper, Belen, for appellant.

David L. Norvell, Atty. Gen., Joseph T. Sprague, Bureau of Revenue, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Chief Judge.

This direct appeal from the Decision and Order of the Commissioner of Revenue involves the liability of the taxpayer for gross receipts and municipal taxes, and interest on the gross receipts tax, for the period January 1, 1969, to November 30, 1971. The taxpayer claims it is not liable because of a statutory exemption. This exemption, Laws 1966, ch. 47, § 12(y) and Laws 1969, ch. 144, § 32, is compiled as § 72–16A–12.27, N.M.S.A.1953 (Repl.Vol. 10, pt. 2, Supp. 1973). It reads:

> "Exempted from the gross receipts tax are the receipts from dues and registration fees of nonprofit social, fraternal, political, trade, business, labor or professional organizations."

The taxpayers asserts the receipts involved are from dues and registration fees and that it is a nonprofit business organization. The Bureau contests each element of the claim. We consider only whether taxpayer is "nonprofit."

Taxpayer is incorporated as a corporation without capital stock under Connecticut law. It is authorized to do business in New Mexico as a foreign corporation. The articles of incorporation state that no part of the corporation's income is distributable to its members, directors or officers. The articles also state that the corporation shall not pay dividends. The applicable bylaws state that " 'no part of said [corporate] funds shall inure, or be distributed, to the Members of this corporation.' " It is stipulated that no part of the corporate income inures to the benefit of or is distributable to members, directors or officers of the corporation.

Taxpayer relies on the items in the preceding paragraph, asserting that these items establish that it is a nonprofit corporation.

The designation of taxpayer as "nonprofit" under Connecticut law is not conclusive on the meaning of "nonprofit." State v. Sweeney, 153 Ohio St. 66, 91 N. E.2d 13 (1950). The fact that the taxpayer does not pay dividends and that no part of its income is distributed to members, directors or officers is also not conclusive on the meaning of "nonprofit" as used in §

72–16A–12.27, *supra.* *State v. Sweeney, supra.*

■ The determination of whether taxpayer is a nonprofit organization within the meaning of § 72–16A–12.27, *supra,* is to be made on the basis of what the taxpayer does and not on the basis of what it professes to be. *Shaker Medical Center Hosp. v. Blue Cross of N. E. Ohio,* 115 Ohio App. 497, 183 N.E.2d 628 (1962) ; compare *United Veterans Org. v. New Mexico Prop. App. Dept.,* 84 N.M. 114, 500 P.2d 199 (Ct.App.1972).

The taxpayer works for the improvement of motoring and travel conditions at the national, state and local level. The work here is directed toward legislation, highways, taxation and safety.

In addition, taxpayer provides direct services to its members. These services include a " 'guaranteed arrest bond;' " bail bond of up to $5,000.00; " '[l]egal reimbursement fees;' " emergency road service; " 'theft reward protection;' " " 'check cashing;' " license and title service; " '[a]utomobile finance for purchase of tires and batteries;' " and assistance in collecting small claims arising out of automobile accidents.

The direct services the taxpayer provides to its members shows that it confers benefits upon its members. *State v. Sweeney, supra.* The question is whether these benefits are a "profit," thus prohibiting taxpayer from being a "nonprofit" organization.

■ The gross receipts tax law defines neither profit nor nonprofit. *Booth v. Gross, Kelly & Co.,* 30 N.M. 465, 238 P. 829, 41 A.L.R. 868 (1925) states that profits and dividends are not necessarily synonymous terms. *Booth, supra,* cites authority to the effect that "profit" has a larger meaning than "dividends" and covers benefits of any kind.

*State v. Lumbermen's Clinic,* 186 Wash. 384, 58 P.2d 812 (1936) states:

"Profit does not necessarily mean a direct return by way of dividends, interest, capital account, or salaries. A saving of expense which would otherwise necessarily be incurred is also a profit to the person benefited. If respondent renders to its . . . members . . . a service at a cost lower than that which would otherwise be paid for such service, then respondent's operations result in a profit to its members. . . ."

See *State v. Sweeney, supra.* Compare *Farmers Oil Co. v. State Tax Commission,* 41 N.M. 693, 73 P.2d 816 (1937).

The benefits that taxpayer provides to its members are a profit to those members. Accordingly, taxpayer is not a "nonprofit" organization entitled to the exemption provided by § 72–16A–12.27, *supra.*

The Decision and Order of the Commissioner is affirmed.

It is so ordered.

HERNANDEZ and LOPEZ, JJ., concur.