238

SHAKER HEIGHTS COUNTRY CLUB CO., APPELLANT, *v.*
LINDLEY, TAX COMMR., APPELLEE.

(No. 78-772—Decided May 30, 1979.)

*Roudebush, Brown, Corlett & Ulrich Co., L. P. A., Mr. Charles J. O'Toole* and *Mr. Frank R. Osborne,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. James C. Sauer,* for appellee.

WILLIAM B. BROWN, J. We are asked to decide whether the taxpayer is a "corporation organized for profit" and is therefore subject to a corporate franchise tax pursuant to R. C. 5733.01 *et seq.* Appellant argues that it has always maintained the character of a non-profit corporation and that it has never operated for profit; therefore, it should be exempt from Ohio franchise tax liability. We disagree. We believe that taxpayer was organized for profit; and that during the years in question, it operated for profit.

In a franchise tax case, the character of a corporation is the relevant consideration, and it is how that character is determined which is of vital importance. As was stated in *State, ex rel. Russell,* v. *Sweeney* (1950), 153 Ohio St. 66, paragraph four of the syllabus, a case setting forth the statutory requirements for a non profit organization:

"Such character is determined not by the authority that probably will actually be exercised by the corporation

but rather by the authority it actually possesses and *may* exercise under the articles recorded.'' (Emphasis *sic*.)

This statement was reaffirmed in *Woodland Gardens Apartments* v. *Porterfield* (1968), 16 Ohio St. 2d 56, a case involving whether a franchise tax should be imposed. Interpreting *Sweeney, supra,* this court, at page 57, stated:

''* * * [T]he character of a corporation, whether for profit or not for profit, is to be determined not by the manner of its actual operation, but rather by the authority it actually possessed and may exercise under its recorded Articles of Incorporation.''

In a franchise tax situation, the focus should be upon the language of R. C. 5733.01(A), which states, in pertinent part:

''The tax provided * * * by this chapter * * * shall be the amount charged against each corporation *organized for profit under the laws of this state* * * * for the *privilege of exercising its franchise* * * *.'' (Emphasis added.)

When the Shaker Heights Country Club Company filed its original articles of incorporation in 1913, its desire was to form a corporation for profit. The company received a franchise from the state of Ohio to exercise the power and authority of a business for profit. Having complied with the filing requirements, appellant had the rights, privileges and immunities granted by the state through its statutory power. Appellant was a corporation created with a structure and a legal capacity to operate with a view towards generating a profit.

Appellant urges us to consider the history of the corporation in making our determination. In viewing that history, we note that a 1917 amendment to the articles provided for the creation of preferred stock and the payment of dividends to the holders. This is one of the privileges that the club chose to exercise as a corporation organized for profit.

Although the history of the corporation's activities may be persuasive, the only relevant period are the years 1972-1974. As in *Woodland Gardens, supra,* the facts pre-

-sented in the instant cause suggest that the club was in fact operating for profit during this period.

In the present cause, the club had the power to accumulate surplus, and this occurred in 1972, 1973 and 1974. This surplus consisted of the accumulation of excess revenues over expenses. The surplus was used for capital improvements and expenditures for assets. The accumulation of surplus increased equity in the stock. As a measure of the shareholder's equity, the surplus reflected in dollar amounts what the shareholders could realize in the event of a liquidation.

In addition, during the three years in question, the club had a policy of redeeming its outstanding stock at less than book value which increased the surplus available to the company. The record indicated that surpluses increased some $5,500 as a result of redeeming the stock at less than book value. The redemption of stock left fewer remaining shareholders to share in the equity. Appellant's accountant acknowledged that the effect of such a course of action was to increase the per share equity of the remaining shareholders.

Therefore, we find that taxpayer was organized for profit; and, as the evidence establishes, it was also operating for profit. A country club which files its original articles of incorporation as a corporation organized for profit and which exercises the privilege of its franchise, is subject to the franchise tax under R. C. 5733.01 *et seq.*

The decision of the Board of Tax Appeals, being neither unreasonable nor unlawful, is affirmed.

*Decision affirmed.*

CELEBREZZE, C. J., HERBERT, P. BROWN and SWEENEY, JJ., concur.

LOCHER and HOLMES, JJ., dissent.

HOLMES, J., dissenting. I must respectfully dissent. The tax laws of this state, including the corporate franchise tax

of R. C. Chapter 5733 charged against each corporation *organized for profit,* must be reasonably applied in the manner for which they were enacted.

This court has, in construing R. C. 5733.01(A), previously held that the determination as to whether a corporation was one for profit, or not for profit was not dependent upon the phraseology of the particular form filed by the incorporators with the Secretary of State. This court has held the true test to be the actual character of the corporation (*State, ex rel. Russell,* v. *Sweeney* [1950], 153 Ohio St. 66), and that it is also proper to consider the history of such corporation (*American Jersey Cattle Club* v. *Glander* [1950], 152 Ohio St. 506).

The articles of incorporation of the Shaker Heights Country Club as originally filed in essence set forth the purposes of such corporation to be exclusively operated as a private country club for the social and recreational pleasure of its members and their guests. The record shows that this corporation from its inception has so operated as a private country club, and has operated in fact on a nonprofit basis, even though the incorporators had filed a corporation for profit form with the Secretary of State.

In *American Jersey Cattle Club* and *State, ex rel. Russell, supra,* this court held that even though the articles of incorporation of those corporations stated them to be not for profit, a review of the operations of such corporations showed that in fact they were operating at a profit, and their purpose clauses gave them wide latitude so to operate. In *American Jersey,* a case involving the assessment of personal property tax, the court found that the corporation's annual revenues substantially exceeded its yearly expenditures. The actual surplus of the entity in 1947 was over $600,000. In *State, ex rel. Russell,* the court pointed out that the purpose clause of that corporate entity gave it a wide breadth of authority to deal extensively in the buying, selling, leasing, developing or operating of real estate.

A case interpreting the applicability of personal prop-

erty tax laws to a corporation which had filed its charter "for profit" is *Kirtland Country Club* v. *Bowers* (1962), 174 Ohio St. 116, where this court stated, at pages 117-118, that "it is possible that a corporation organized as a corporation for profit may not in fact be conducted for profit. * * * Therefore, the fact that the club in the present case was organized as a corporation for profit is not conclusive as to whether it is 'conducted for gain, profit, or income.' "

In *Woodland Gardens Apartments* v. *Porterfield* (1968), 16 Ohio St. 2d 56, a franchise tax case, this court reviewed the operating history of an entity which acquired, owned, constructed, leased and operated an apartment building and other buildings and which had filed as a corporation for profit. This court applied the test of *American Jersey* and *Russell, supra, i. e.*, the history and actual character of the corporation. The court found that the shareholders, who were also the lessees of the apartment units, enjoyed a sharing in the surplus accumulated through the various real estate operations. The sharing in that instance was lesser charges fixed for the shareholders for the use of the apartment units. This court concluded that under the facts of that case, the "element of gain or profit is discernible."

All the cases above clearly establish that the history and actual character of the corporation are viewed by the court in determining whether the entity is in fact one "for profit" or "not for profit."

Here, relating to the Shaker Heights Country Club, the record shows that the purpose clause in effect does not authorize extensive business or commercial activity—only the activities of a private country club, and only for its members and guests.

The record shows that the Shaker Heights Country Club operates at a loss, which loss is made up by dues, fees, and assessments of its members.

The assessments in certain years have been greater than the net operating loss, and over the years this "sur-

plus" amount has been used for building repairs and capital improvements. There never was a cash surplus which was considered to be distributable to the stockholders. Further, the record shows that from the inception of this country club, there has never been a dividend paid to the shareholders, nor any financial benefits bestowed upon the shareholders.

Applying the rationale of *American Jersey, Russell, Woodland* and *Kirtland, supra,* herein, the instant corporation, whose conduct and authority is limited to operating a private country club solely for the benefit of its members and guests, and whose facilities constantly operate at a loss, which is balanced only by the dues, fees, and assessments of the members, is a "non-profit" corporation which would be exempt from the payment of Ohio franchise taxes.

For the foregoing reasons, the decision of the Board of Tax Appeals is unreasonable, unlawful, and against the manifest weight of the evidence, and should be reversed.

LOCHER, J., concurs in the foregoing dissenting opinion.